UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IGOR Y. GORETSKIY, <br><br> Petitioner, <br><br> v. <br><br> ANTONE MONIZ, SUPERINTENDENT, <br><br> Respondent. | No. 20-cv-12265-DLC |

### REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

CABELL, U.S.M.J.

On December 21, 2020, Igor Y. Goretskiy (Petitioner), then an immigration detainee in custody at the Plymouth County Correctional Facility, initiated this *pro se* habeas challenge to his continued detention beyond six months pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (D. 1).

Respondent Antone Moniz (Respondent), the Superintendent of Plymouth County House of Correction, responded that the petition should be dismissed because Petitioner's detention was lawful under 8 U.S.C. § 1231, and because the relief he sought under *Zadvydas* was unavailable. (D. 7). Respondent argued, pursuant to *Zadvydas*, that Petitioner failed to carry his burden of proof that there was good reason to believe there was no significant

likelihood of removal in the reasonably foreseeable future or that a legal impediment to his removal to the Ukraine existed. *Id.* (citing *Zadvydas*, 533 U.S. at 701).

On January 21, 2021, Respondent notified this court that Petitioner was scheduled for the week of January 25, 2021 to be removed from the United States. (D. 9). In a footnote, Respondent stated that it was unclear whether Petitioner's removal would proceed in light of the January 20, 2021 Memorandum[1] issued by Department of Homeland Security Acting Secretary David Pekoske ("Pekoske Memorandum") because it placed a 100-day pause on removals. *Id.*

On January 25, 2021, Respondent filed an updated notice stating that the U.S. Immigration and Customs Enforcement's (ICE) Enforcement and Removal Operations (ERO) had decided not to proceed with Petitioner's removal. (D. 10). The updated notice further stated that Respondent would notify the Court in the event Petitioner was scheduled for removal. *Id.*

On January 26, 2021, a federal court in Texas entered an order enjoining the execution of the 100-day pause on removals for 14 days. *See Texas v. United States*, No. 21-00003, 2021 WL 247877 (S.D. Tex. 2021, Jan. 26, 2021).

---

[1] https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf (last visited Jan. 28, 2021).

Because the Pekoske Memorandum provided that the Acting Director of ICE would be issuing instructions and guidance on implementation of the removal pause by February 1, 2021, and in light of the January 26, 2021 Order entered in *Texas v. United States*, this court ordered that Respondent file a status report on or before the close of business on February 8, 2021.  (D. 11).

Accordingly, on February 8, 2021, Respondent filed a status report indicating that Petitioner's removal was rescheduled to take place the week of February 15, 2021.  (D. 12).  The report also indicated that as this date approached, ICE ERO would have to determine whether it could execute Petitioner's final order of removal in light of circumstances at that time.  *Id*.

On February 23, 2021, Respondent notified the court that Petitioner's final order of removal was effectuated on February 19, 2021, when he departed the United States via a commercial flight.  (D. 13).  In support, Respondent has submitted a Declaration from Deportation Officer Anika Beaumont averring under the penalty of perjury that ICE official records and ICE ERO officers confirm that Petitioner did indeed depart from the United States on that date, and thus is no longer in ICE custody.  Respondent accordingly asks the court to deny the

petition for a writ of habeas corpus as moot and close the case. *Id*.

Based on the foregoing, I find that Petitioner was released from custody on February 19, 2021 and agree with Respondent that the petition for a writ of habeas corpus is now moot. *See Horizon Bank & Trust Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004) ("a case is moot when the court cannot give any effectual relief to the potentially prevailing party"); *Hernandez v. Winn*, 05-cv-40068 (D. Mass. Dec. 22, 2005), ECF No. 22 (dismissing habeas petition as moot after government released Petitioner from custody).

Accordingly, I recommend that this case be redrawn for a district judge to dismiss the petition as moot. I further recommend that the district judge terminate this case.[2]

---

[2] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

***So ordered.***                                   /s/ Donald L. Cabell
                                                    DONALD L. CABELL, U.S.M.J.
DATED:  May 10, 2021